UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON LEE WYRICK,

    Petitioner,

v.

Case No. 1:16-cv-327
Hon. Paul L. Maloney

KEVIN LINDSEY,

    Respondent.
_____/

**ORDER TO STAY PROCEEDINGS**

Devon Lee Wyrick (sometimes referred to as "petitioner") is a prisoner currently incarcerated at a Michigan correctional facility. The Michigan Appellate Defender's Office represents Wyrick and has filed a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, this matter will be stayed.

**I.**     **Background**

The Michigan Court of Appeals summarized the underlying facts as follows:

> This case arises out of an incident in which defendant and Charles Cooper, each holding guns, entered an apartment and shot three men. Both defendant and Cooper shot their guns and one man in the apartment died. Much of the evidence at trial indicated that the man who died was shot by Cooper. After the shootings, defendant and Cooper took money from the men and left the apartment. On the following day, the police arrested defendant and Cooper, who were riding in a stolen car. Defendant's theory of defense at trial was that he participated in the robbery and shootings under duress, fearing that Cooper would kill him if he refused to cooperate

*People v. Wyrick*, No. 199667, 1998 WL 1991134 at *1 (Mich. App. June 9, 1998).

Wyrick was convicted of first degree felony murder and other crimes committed in Kalamazoo County, Michigan on or about October 4, 1996. *See* "People's Motion for resentencing pursuant to MCL 769.25a and Request for stay of proceedings" (ECF No. 12-1, PageID.2723). Specifically, a jury convicted Wyrick of one count of felony murder, M.C.L. § 750.316; two counts of assault with intent to murder, M.C.L. § 750.83; two counts of armed robbery, M.C.L. § 750.529; and three counts of possession of a firearm during the commission of a felony, M.C.L. § 750.227b. *Wyrick*, 1998 WL 1991134 at *1. On November 12, 1996, the trial court sentenced defendant to life in prison for the felony murder conviction, twenty to forty years imprisonment for each of the assault with intent to murder convictions, fifteen to thirty years imprisonment for each of the armed robbery convictions, and three concurrent terms of two-years imprisonment for each of his felony-firearm convictions, to run prior to his other sentences. *Id.*; People's Motion at PageID.2724.

The Sixth Circuit summarized later proceedings in its order authorizing the district court to consider a second or successive habeas corpus petition:

> In 1996, Wyrick, then seventeen years old, was convicted of one count of first-degree felony murder, two counts of assault with intent to murder, two counts of armed robbery, and three counts of possessing a firearm in the commission of a felony. Wyrick was given a mandatory sentence of life without the possibility of parole ("LWOP") for the first-degree murder conviction. His direct appeal was unsuccessful. *People v. Wyrick*, No. 199667, 1998 WL 1991134, at *1 (Mich. Ct. App. June 9, 1998), leave denied, 590 N.W.2d 63 (Mich. 1999). In 2000, Wyrick filed his first petition for habeas relief. *See Wyrick v. Gundy*, No. 4:00-cv- 00077 (W.D. Mich. Sept. 18, 2003). That petition was denied, *id.*, and this court declined to issue a certificate of appealability. *Wyrick v. Gundy*, No. 03-2401 (6th Cir. June 10, 2004). Wyrick also made an unsuccessful attempt at post-conviction relief in state court through a motion under Michigan Court Rule 6.500. *See People v. Wyrick*, 854 N.W.2d 732 (Mich. 2014). Now, nearly twenty years into his mandatory life sentence, Wyrick seeks permission to file another habeas petition, arguing that the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which holds that "mandatory life without parole for juvenile homicide

offenders violates the Eighth Amendment," renders his sentence unconstitutional. *See Montgomery v. Louisiana*, 136 S. Ct. 718, 726 (2016) (citation omitted).

> Before a petitioner can file a second habeas action, he must obtain permission from this court pursuant to 28 U.S.C. § 2244(b). Permission is granted only when the petitioner makes a prima facie showing that (1) the claim relies on a previously unavailable and newly created rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) he has discovered new evidence that could not have been found previously through the exercise of due diligence and that, if proven and viewed in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. 28 U.S.C. § 2244(b)(2), (b)(3)(C). Wyrick advances along the first path.
>
> There is no dispute that *Miller* created a new rule of constitutional law that was unavailable in 2000 when Wyrick filed his first habeas petition. In *Montgomery*, 136 S. Ct. at 33-34, the Supreme Court made that rule retroactively applicable to cases on collateral review. *See In re Clemmons*, 259 F.3d 489, 492-93 (6th Cir. 2001) (citing *Tyler v. Cain*, 533 U.S. 656, 663 (2001)).

*In re: Devon Lee Wyrick*, No. 14-2443 (Order) (6th Cir. March 24, 2016) (ECF No. 68).

Finally, because respondent has raised an exhaustion issue, the Court will address Wyrick's most recent post-conviction motion for relief from the state judgment. On June 12, 2013, Wyrick, through counsel, moved for relief from judgment pursuant to MCR 6.500. Motion for relief (ECF No. 8-27). Wyrick's requested relief included holding all proceedings in abeyance until the United States Supreme Court or the Michigan Supreme Court addressed the retroactive application of *Miller*, vacating his mandatory life sentence without possibility of parole, and taking steps to issue a new and discretionary sentence. *Id.* On June 21, 2013, Wyrick's counsel filed a motion to stay proceedings for similar reasons. Motion to stay (ECF No. 8-28). The state trial court denied the motion on July 31, 2013 "for the reasons stated on the record on July 22, 2013". Order (ECF No. 8-30). Those reasons included the following:

3

The issue, as counsel recognizes, is ultimately whether the *Miller* decision will be retroactive or it's conceivable the Michigan Legislature might take action that would impact the ultimate potential for parole of the defendant.

But, based on the current existing state of the law, and in particular *People v Carp*, 294 Michigan Appeals, 472, 2012, the Michigan Court of Appeals has found *Miller* not to be retroactive. That means, the court cannot grant a relief at this point.

I question whether it's appropriate to keep a matter pending in the hope that the law may change when the law itself, meaning the procedural rules, permits the defendant to request relief, if there is a change in the law.

Based on that analysis, I am going to deny the request for a stay. Based on my initial consideration, I'm denying the motion without prejudice .

It is the court's specific intent that if *Miller* becomes retroactive this defendant should have the opportunity to bring that matter back to the court. I think the court rule itself recognizes that potential.

Trans. (July 22, 2013) (ECF No. 8-29, PageID.2608).

Wyrick filed an application for leave to appeal the order to the Michigan Court of Appeals raising five issues:

I. Is petitioner's mandatory life without parole sentence unconstitutional under the Eighth Amendment prohibition on cruel and unusual punishment?

II. Does petitioner's life without parole sentence violate the Michigan constitution's disjunctive prohibition against cruel or unusual punishment?

III. Whether parole eligibility under Michigan law does not provide a meaningful and realistic opportunity for release?

IV. Where petitioner was convicted as an aider and abettor of a felony murder, is life without parole for this offense unconstitutional under *Miller* and *Graham*, and the Michigan constitution?

V. Is petitioner's life without parole sentence unconstitutional because, as a 17 year old, petitioner's youthful status was never able to be considered under Michigan law?

VI. Is petitioner entitled to relief under MCR 6.500 et seq?

Application (ECF No. 8-31, PageID.2620-2621).

The Michigan Court of Appeals denied the application "because defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)" and "[d]efendant has failed to establish actual prejudice from the irregularity alleged. MCR 6.508(D)(3)(b)." *People v. Devon Lee Wyrick*, No. 320059 (Order) (Mich. App. Feb. 27, 2014) (ECF No. 8-31, PageID.2612). Wyrick raised the same issues in his application for leave to appeal to the Michigan Supreme Court, which that court denied "because the defendant failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." Application (ECF No. 8-32, PageID.2660); *People v. Devon Lee Wyrick*, No. 149008 (Order) (Mich. Oct. 28, 2014) (ECF No. 8-32, PageID.2655).

Wyrick's habeas petition raised two sentencing issues:

I. *Miller* announced a new rule of constitutional law made retroactive to cases on collateral review, and petitioner's mandatory sentence of life without parole violates the Eighth Amendment's prohibition on cruel and unusual punishment; Petitioner's sentence should be vacated, and he should be individually resentenced.

II. Petitioner was convicted as an aider and abettor of a felony murder; Life without parole for this offense is unconstitutional under *Miller* and *Graham*.

Petition (ECF No. 1, PageID.6, 10).

In his response to the answer, petitioner agreed that his Issue I "is now moot due to the recent ruling in *Montgomery v. Louisiana*, -- U.S. --, 136 S. Ct. 718 (2016) [giving *Miller*

5

retroactive effect], and the provisions of M.C.L. 769.25 and 769.25a." Response (ECF No. 9, PageID.2712).[1] Accordingly, the Court will address Wyrick's second issue.

## II. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, he must first fairly present the substance of his federal claims to all available state courts, thereby exhausting all state remedies. *See* 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied").

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by 28 U.S.C. § 2254, which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[1] *See Hill v. Snyder*, 821 F.3d 763, 771 (6th Cir. 2016) ("*Montgomery* and *Miller* make clear that courts may not impose mandatory life sentences without parole on juvenile offenders regardless of when an offender's conviction became final.").

28 U.S.C. § 2254(d).

"Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 101-102 (2011) (internal quotation marks omitted). The federal habeas statute "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). This deferential standard "requires petitioner to show 'the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing [Supreme Court precedent] beyond any possibility for fairminded disagreement.'" *Blackmon v. Booker*, 696 F.3d 536, 538 (6th Cir. 2012), quoting *Harrington*, 562 U.S. at 103.

Under the "contrary to" clause of § 2254(d)(1), "a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause of § 2254(d)(1), "a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id*. A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the

7

relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 562 U.S. at 102. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

Finally, "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### III. Discussion

As discussed, Wyrick agrees that Issue I is moot. In Issue II, Wyrick contends that as a juvenile convicted of felony murder who did not kill or intend to kill, he cannot be sentenced to life without parole under *Graham* and *Miller*. Wyrick relies on the reasoning in *Graham* that such children have a "twice diminished" moral culpability due to both their age and the nature of the crime. *Graham*, 130 S. Ct. at 2027. Wyrick's position is set forth in the following argument:

> Under Michigan law, a conviction under a felony murder theory requires only a limited intent – an intent that is inconsistent with adolescent development and neurological science relied upon by the United States Supreme Court in *Roper*, *Graham*, *J.D.B. v. North Carolina*, and *Miller*. These cases preclude assigning the same level of foreseeability and anticipation to a child as that of an adult, even when the child takes part in a dangerous felony. *See, eg, J.D.B. v. North Carolina*, 546 U.S. ; 131 S. Ct. 2394, 2403 (2011) (noting that adolescents "often law experience, perspective, and judgment to recognize and avoid choices that would be detrimental to them."); *Graham*, 130 S Ct at 2028 (quoting *Johnson v. Texas*, 509 U.S. 350, 367; 113 S. Ct. 2658 (1993) (children's "lack of maturity and underdeveloped sense

8

of responsibility…often result in impetuous and ill-considered actions and decisions."). The Court has also recognized that children are more vulnerable to peer pressure, and susceptible to outside pressures from older co- defendants and adults. *Roper*, 543 U.S. at 569. As Justice Breyer explained in his concurring opinion in *Miller*, "[g]iven *Graham*'s reasoning, the kinds of homicide that can subject a juvenile offender to life without parole must exclude instances where the juvenile himself neither kills nor intends to kill the victim." 132 S. Ct. at 2477 (Breyer J., concurring) (internal citations omitted).

Moreover, a child convicted of aiding and abetting a felony murder cannot possibly be the most heinous youthful defendant for which life without parole sentences are reserved. Accordingly, Petitioner, who was convicted of aiding and abetting a felony murder cannot receive this disproportionately severe, harshest punishment.

Petition at PageID.64-65.

In his answer, respondent contends that petitioner's claims are unexhausted. In addition, respondent contends that because the "[t]he Kalamazoo County Prosecuting Attorney has moved for him to be sentenced to life, and Wyrick will soon be resentenced, compliant with *Miller*, either to life or to a term-of-years sentence" pursuant to M.C.L. §§ 769.25a(4)(b) and 769.25(9), this Court should respect the state-court process by exercising abstention under *Younger v. Harris*, 401 U.S. 37 (1971).

The legal question raised in Issue II is whether Wyrick can be sentenced to life without parole under *Miller* and *Graham* based upon a conviction of felony murder. As discussed, "[m]uch of the evidence at trial indicated that the man who died was shot by Cooper," not petitioner. *See Wyrick*, 1998 WL 1991134 at \*1. However, this Court cannot address this issue because Wyrick has not yet been re-sentenced.

The record reflects that on July 21, 2016, the government filed a motion for resentencing and a request to stay the proceedings (ECF No. 12-1). According to respondent, the

9

stay was requested because the Michigan Supreme Court's decision in *People v. Skinner*, 917 N.W.2d 292 (Mich. 2018), which involved questions of how a juvenile convicted of murder is to be sentenced consistent with *Miller* and with Michigan law, was pending before the United States Supreme Court in two petitions for certiorari, *sub nom. Hyatt v. Michigan*, No. 18-6777 and *Skinner v. Michigan*, No. 18-6782. *See* Respondent's Notice re: Supplemental Rule 5 Materials (ECF No. 12).

Upon reviewing the Supplemental Rule 5 Materials filed earlier this year, it appears that Wyrick's motion for resentencing and his criminal case were stayed pursuant to a stipulation on September 2, 2016. *See* 9th Cir. Ct. Register (ECF No. 12-3, PageID.2742). The record reflects that there have been a number of status conferences since that date, most recently on February 1, 2019, with a conference scheduled for May 17, 2019. *Id*. at PageID.2742-2743. The Court notes that the United States Supreme Court denied the petitions for certiorari in *Hyatt* and *Skinner* on April 15, 2019, *after* respondent filed the Supplemental Rule 5 Materials. *See Hyatt v. Michigan*, -- U.S. --, 138 S. Ct. 1543 (2019); *Skinner v. Michigan*, -- U.S. --, 138 S. Ct. 1544 (2019). However, the parties have not filed any records in this Court to establish that Wyrick has been re-sentenced or that the state court stay has been lifted. Under these circumstances, Wyrick's Issue II appears to be both premature and unexhausted. Based on this record, the Court concludes that this second or successive petition should be stayed because it contains both an exhausted claim (Issue I) and an unexhausted claim (Issue II).

Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust

their remedies. Since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often precludes future federal habeas review because the limitations period expired shortly after the petition was filed. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (the limitations period is not tolled during the pendency of a federal habeas petition). The Court, however, has the discretion to stay a habeas corpus proceeding "in limited circumstances" to allow a petitioner to return to state court and exhaust claims. *Rhines v. Weber*, 544 U.S. 268, 277 (2005). A district court may employ the "stay and abeyance" procedure when the petitioner has filed a "mixed petition," *i.e.*, a petition raising both exhausted and unexhausted claims. *Id.*

A district court contemplating stay and abeyance should stay the petition pending prompt exhaustion of state remedies if there is good cause for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not plainly meritless, and if there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78. If the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Here, Wyrick has filed a second or successive petition for habeas corpus based upon a new rule of constitutional law that was unavailable when he filed his first habeas petition. His re-sentencing appears to be working its way through the Michigan State Courts. Petitioner's claim is not "plainly meritless" and there is no evidence of intentional dilatory litigation tactics.

11

Dismissal of Wyrick's habeas petition at this point in time would unreasonably impair his right to obtain federal relief. *Id.* For these reasons, this habeas proceeding will be stayed until Wyrick has been re-sentenced and any appeals of that sentence have been exhausted in the state courts. Once that is accomplished, Wyrick shall have thirty days to return to this Court and re-open these proceedings. *See generally*, *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002).

Accordingly,

**IT IS ORDERED** that this action is **STAYED**. The Clerk's Office is **DIRECTED** to administratively **CLOSE** this case pending further order of the Court.

**IT IS FURTHER ORDERED** that petitioner shall have thirty (30) days to re-open these proceedings after he has been re-sentenced and exhausted any appeals of that sentence in the state courts.

Date: November 14, 2019          /s/Ray Kent
                                 U.S. Magistrate Judge